HATCH *v.* TOWNE.

*(Circuit Court, D. Massachusetts.* May 24, 1888.

1. PATENTS FOR INVENTIONS—INFRINGEMENT—BLANKS FOR HEEL-STIFFENERS.
    The first claim of letters patent No. 180,340, granted to James L. Hatch, July 25, 1876, for improvements in blanks for heel-stiffeners for boots and shoes, is as follows: "A blank for the manufacture of heel-stiffeners, toe-caps, or box-toes, corrugated at its lower edge prior to being bent to form the flange, substantially as described." *Held*, in view of the prior state of the art, that this claim is limited to a flat corrugated or indented blank, and is not infringed by defendant's device, a "clam-shell" counter, having its lower edge, from which the flange is to be formed, corrugated, and the rest of the blank moulded into horizontal curves corresponding approximately with the shape of the shoe.

2. SAME.
    The second claim of the patent is as follows: "In the process of manufacturing heel-stiffeners, box-toes, and shoe-tips, corrugating the lower edge of the blank, then bending the blank into heel or toe form, and turning the corrugated edge to form the flange, substantially," etc. *Held*, that this process contemplates that the operation of corrugating shall precede that of bending the blank and turning the corrugated edge to form the flange. The first step in the process being a flat corrugated blank, it is not infringed by defendant, who does not use such a blank, but makes the same machine which corrugates his blank at the same time bend it into the form of a clam shell, or approximately into the form of the heel of a boot or shoe.

In Equity. Bill for infringement of patent No. 180,340.
*Livermore & Fish,* for complainant.
*W. A. Macleod,* for defendant.

COLT, J. This suit is brought upon letters patent No. 180,340, granted to the complainant July 25, 1876, for improvements in blanks for heel-stiffeners for boots and shoes. The improvement consists in a blank in which the edge which forms the flange is corrugated before the edge is bent over or turned, the corrugations enabling the edge to be more easily turned, and making a more even distribution of the wrinkles or crimps, thereby adding to the smoothness of the flange. There are two claims:

"(1) A blank for the manufacture of heel-stiffeners, toe-caps, or box-toes, corrugated at its lower edge prior to being bent to form the flange, substantially as described. (2) In the process of manufacturing heel-stiffeners, box-toes and shoe-tips, corrugating the lower edge of the blank, then bending the blank into heel or toe form, and turning the corrugated edge to form the flange, substantially as described."

It is clear to my mind, from an examination of the drawings and specification of the patent, that Hatch intended to limit his patent to a flat corrugated or indented blank, and that therefore the first claim is limited to a blank so formed, and the second claim is limited to a process which consists—*First*, in corrugating the edge of a flat piece of leather or pasteboard; *second*, bending the blank into the heel or toe form; *third*, turning the corrugated edge inward, so as to form the flange. Although it may perhaps be said that while the flange of counters had been indented before in prior machines, they had never been really corrugated, yet in view of the prior state of the art, as exhibited in the record before me, I cannot but consider the invention of Hatch as of limited scope. The defendant uses what is called a "clam-shell counter," which has its lower edge from which the flange is to be formed corrugated, and the rest of the blank moulded into horizontal curves corresponding approximately with the shape of the shoe. The evenness of the plaits in the center of the arch of the flange is not entirely due to the corrugations, but to the fact that a notch is cut in the blank at this point. I am satisfied that defendant's blank is not the flat blank shown in the Hatch patent, and consequently there can be no infringement of the first claim of the patent. With respect to the second claim, it does not seem to me that the defendant uses the process therein described. That process contemplates that the operation of corrugating shall precede that of bending the blank into the heel or toe form, and turning the corrugated edge to form the flange. The patentee contemplates as the first step in his process a flat corrugated blank, and this the defendant does not use, but the same machine which corrugates the defendant's blank, at the same time bends it into the form of a clam shell, or approximately into the form of the heel of a boot or shoe. Confining the Hatch patent within what seems to me its intended and legitimate scope, I do not think the defendant infringes the second claim. The bill should be dismissed. Bill dismissed.